UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
|       Plaintiff   ) | |
| )  | |
| v.   ) | Cause No.  4:11-cr-1-SEB-MGN |
| )  | |
| ROBIE L. TURNER,   ) | |
| )  | |
|       Defendant   ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on June 20, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on June 16, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. '' 3401(i) and 3583(e) and (g).  An Initial Hearing in this matter was held on August 17, 2012, and disposition proceedings were held on August 24, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583.  The defendant, Robie L. Turner, appeared in person with his appointed counsel, Khalid A. Kahloon.  The government appeared by Lauren Wheatley, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1, *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1. On August 17, 2012, Khalid A. Kahloon was present for the initial hearing and was appointed by the Court to represent Robie L. Turner regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Turner and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Turner was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Turner was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Turner was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Turner was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Turner had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on June 20, 2011.

7. Mr. Turner waived his right to a Preliminary Hearing and executed a written waiver stating the same.

8. The Government orally moved for detention of Mr. Turner pending a revocation determination and was instructed by the court to file a written motion to that effect. The Government's Motion for Detention was subsequently filed on August 20, 2012.

9.  Mr. Turner waived his right to a detention hearing at that time, but reserved the right to request a hearing at a later date should the parties be unable to reach an agreed disposition in this matter.

10.  The parties requested the Court schedule the violation hearing for the following week.  The Court granted such request and set the Revocation Hearing for Thursday, August 23, 2012 at 2:30 p.m.

11.  On August 20, 2012 the Government filed a Motion to Continue the Revocation Hearing set for August 23, 2012.  Such motion was granted by the Court, and the Revocation Hearing was reset for Friday, August 24, 2012 at 2:00 p.m.

12.  On August 24, 2012, Mr. Turner appeared with CJA counsel, Khalid A. Kahloon, at the scheduled revocation hearing.

13.  Mr. Turner then advised the Court that he wished to admit the violations as set out in the Petition filed on June 16, 2011, but the parties had not reach an agreement regarding the appropriate disposition for these violations.

14.  Mr. Turner wished to present evidence of extenuating circumstances for the violations, and argued against the recommended sentence proposed by the Government, and in favor of placing the defendant on home detention for 4 months at the home of defendant's father.

15.  Mr. Turner testified, under oath, as to the violations as outlined in the Petition. Defense Counsel presented a proffer of the testimony of Defendant's father.

16.  The Government presented the testimony of U.S. Probation Officer Brian Bowers.

17.  The Court heard the parties' respective arguments regarding the appropriate sentence for the defendant.

18. The Government wished to have Defendant's violations classified as a Grade B violation under §7B1.1(b) of the Sentencing Guidelines, and further recommended that Defendant serve six (6) months incarceration followed by eighteen (18) months on supervised release, six (6) months of which would be served at a residential re-entry center.

19. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 6 of said Petition. The Court placed Mr. Turner under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Turner admitted the violations contained in Violation Numbers 1 through 6. The Court specifically inquired of Mr. Turner whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Turner that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Turner answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 6. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**<br><br>On May 24, 2010, the offender was arrested on two separate warrants and charged with felony Theft in Dearborn County, Indiana (Cause No. 15D021005FD00094 and 15D021105FD00095). On two separate occasions, the offender allegedly took prescription bottles of Oxycodone and Percocet out of a guest's luggage and a guest's vehicle while working as a valet at the Hollywood Casino. The Court was previously notified of |

4

these arrests and approved a modification of supervision conditions to include up to six months at the Volunteers of America community correction center in Indianapolis, Indiana.

During a home exam conducted May 24, 2011, the probation officer spoke with the offender's father who indicated the offender was arrested again on May 13, 2011, and was currently in the Dearborn County Jail. The offender failed to notify the probation officer of this arrest within 72 hours.

Records obtained from Dearborn County Superior Court indicate on May 13, 2011, the offender was arrested for felony Forgery in Dearborn County, Indiana (Case No. 15D01-1105-FC-0440). According to the Affidavit for Probable Cause, Aurora Police responded to a call from First Financial Bank located at 320 Importing Street, Aurora, Indiana, reporting a suspicious male was attempting to obtain money with a fraudulent ($600) check. The report indicates the check was written to the offender from the closed account of Ruth and Gene Schmarr. The check number was 7546 and the check was dated May 13, 2011. Police interviewed the victims, who indicated neither of them had written any checks to the offender. They further reported the account was closed about 30 days prior to this date due to fraudulent activity.

As a result of the May 13, 2011 arrest, bond has been revoked for the May 24, 2010, arrest(s). The offender is currently being detained without bond in the Dearborn County Jail and has three separate felony cases pending.

| | |
|---|---|
| 3 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."** |
| 4 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 5 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On August 23, 2010, the offender tested positive for opiates. At that time, the defendant did not have a valid prescription for opiates. On December 6, and 10, 2010, the offender failed to report for urine testing.

On February 8, 15, and 25, 2011, and March 4, 2011, the offender provided urine samples which tested dilute. On April 8, 2011, the

offender reported for testing; however, he was unable to produce a sample.

6   **"The defendant shall make a lump sum payment of $21,925.18 toward the criminal monetary penalties set out in the judgment. Such lump sum shall be due immediately. Any outstanding balance owed upon commencement of incarceration shall be due in minimum quarterly installments of $25 unless the defendant is employed by the Federal Prison Industries, in which case the defendant's quarterly installments shall be no less that $60. Any outstanding balance owed upon commencement of supervision shall be paid accordingly in minimum installments of $100, pending subsequent orders of the Court."**

The offender has failed to make a single restitution payment to the Eastern District of Kentucky since May 10, 2010. The offender has been warned on numerous occasions about his failure to make payments as directed; however, he claims he has made several payments since May 10, 2010. As of this date, the Eastern District of Kentucky has no record of any payment after May 10, 2010.

20. The Court then took the matter of an appropriate sentence for these violations under advisement.

21. Based on the information available to the Court, and being otherwise duly advised in the premises, the Court further finds the following:

   (1) Mr. Turner has a relevant criminal history category of I. *See,* U.S.S.G. ' 7B1.4(a).

   (2) The most serious grade of violation committed by Mr. Turner constitutes a Grade B violation, pursuant to U.S.S.G. ' 7B1.1(b).

   (3) Pursuant to U.S.S.G. ' 7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Turner is 4 to 10 months.

   (4) Mr. Turner's charges appear cumulative and involve different types of crime, i.e. stealing pharmaceuticals from customers' cars while working as a valet in a parking lot, as well as stealing and attempting to defraud a bank with a forged

check on an account that had been closed out.  The evidence seems to indicate that      Mr. Turner's problems stem from his apparent drug addiction.

(5)  Defendant has tried living with his father, and, in fact, was doing so at the time the instant violations were committed.  Habitation with his father has not appeared to offer an effective refuge from his addiction.

(6) For the Defendant's own well-being, not to mention a punishment befitting of the offenses committed, the appropriate disposition for Mr. Turner's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months.

(b) Upon release from confinement, the Defendant shall be returned to supervised release for a term of eighteen (18) months under the same terms and conditions previously imposed.

(c)  As an additional condition of supervised release, Mr. Turner shall reside for a period of six (6) months at a residential re-entry center and shall observe the rules of that facility.

The Court, having heard the admission of the defendant and the testimony, arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 6 of the Petition.  The defendant=s supervised release is hereby **REVOKED,** and Robie L. Turner shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months followed by eighteen (18) months of supervised release with the same terms and conditions previously imposed.  As an additional condition of supervised release, Mr. Turner shall reside

for a period of six (6) months at a residential re-entry center and shall observe the rules of that facility.

The Court further recommends that Defendant be encouraged to participate, to the fullest extent possible, in an intensive drug treatment program while incarcerated. While on Supervised Release the defendant shall participate in a substance abuse treatment program which may include no more than eight (8) drug tests per month, and shall pay a portion of the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in such substance abuse treatment program.

The Court would further recommend that the order of restitution be reviewed or modified, if possible, to an amount that would be more realistic for Defendant to achieve in order to prevent "setting him up for failure" and necessitating additional violations and subsequent hearings.

The Magistrate Judge requests the U.S. Probation Office prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Robie L. Turner's supervised release.

**IT IS SO RECOMMENDED** this 4th day of September, 2012.

_____
Michael Naville
United States Magistrate Judge
Southern District of Indiana

Distribution:

All electronically registered counsel via CM/ECF

U.S. Marshal

U.S. Probation Office